UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN E. HELMS,

    Petitioner,

v.

RAYMOND MADDEN,

    Respondent.

Case No. 18-cv-01740-JD

**ORDER DISMISSING PETITION**

Re: Dkt. No. 10

Sean Helms, a California prisoner, filed a pro se petition for a writ of habeas corpus. The original petition was dismissed with leave to amend and he has filed an amended petition.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### LEGAL CLAIMS

In this case petitioner challenges a 1995 conviction where he received a Three-Strikes sentence of 26 years to life. Petition at 1, 5. He argued that his sentence should be reduced

because his prior strikes arose from the same incident. He stated that his sentence violated the Eighth Amendment and the California Supreme Court case of *People v. Vargas*, 59 Cal. 4th 635 (2014). Petitioner filed several state court habeas petitions in 2017 that were all denied. Petition at 3-4.

Petitioner was advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id*. § 2244(d)(2).

Assuming that the factual predicate of this claim commenced with the issuance of *Vargas* on July 10, 2014, the petition still appeared untimely. Petitioner did not file his state habeas petition until 2017, well after the expiration of the one year statute of limitations. He will not receive statutory tolling for these petitions because they were filed after the expiration of the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). With respect to petitioner's Eighth Amendment claim, the facts surrounding that claim were known to him in 1995 when he was convicted and sentenced.

In *Vargas*, the California Supreme Court recognized that in certain circumstances multiple convictions from the same incident should not count as separate strikes. *Id*. at 646, 649. Assuming that *Vargas* applied to petitioner, he had still failed to present a federal habeas claim.

The state courts interpreted state law with respect to petitioner's claims and denied the petitions. This Court is bound by the state courts' decisions. Federal habeas relief only is available if the petitioner is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner's claims that his prior strike convictions arose from a single course of conduct concern only a matter of state sentencing law and therefore do not raise a cognizable federal habeas claim. *See Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (holding that a claim of sentencing error for imposing "two sentences for a single act" under California Penal Code § 654 is not cognizable on federal habeas review); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law").

The petition was dismissed with leave to amend to address the timeliness issue and to present a valid federal claim. Petitioner has filed an amended petition, but has failed to address the deficiencies noted by the Court. Petitioner has changed his claim and now argues that counsel was ineffective for failing to raise issues concerning his prior strike convictions. Assuming this claim was exhausted, it is still untimely for the reasons set forth above.

**CONCLUSION**

1. Petitioner's motion to amend (Docket No. 10) is **GRANTED** and the Court has reviewed the amended petition.

2. The petition is **DISMISSED** for the reasons set forth above. A Certificate of Appealability is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: July 31, 2018

_____
JAMES DONATO
United States District Judge